1

2

3

4

5

6

7

8

# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

9  ABRAHAM ROMERO,                          CASE NO. 1:03-CV-6464-REC-SMS-P

10                 Plaintiff,               FINDINGS AND RECOMMENDATIONS
                                            RECOMMENDING DEFENDANTS' MOTION
11        v.                                TO DISMISS BE DENIED

12  H. COFFEE, et al.,                      (Doc. 26)

13                 Defendants.
                                     /
14

15  I.    Defendants' Motion to Dismiss for Failure to Exhaust

16        A.    Procedural History

17        Plaintiff Abraham Romero ("plaintiff") is a state prisoner proceeding pro se and in forma

18  pauperis in this civil rights action pursuant to 42 U.S.C. § 1983.  This action is proceeding on

19  plaintiff's complaint, filed August 25, 2003, against defendants Coffee, Wilson, Baptiste, and

20  Samms ("defendants") under section 1983 for use of excessive force in violation of the Eighth

21  Amendment, and under California law for assault and battery.  On March 25, 2005, pursuant to the

22  unenumerated portion of Federal Rule of Civil Procedure 12(b), defendants filed a motion to dismiss

23  for failure to exhaust the available administrative remedies. (Doc. 26.)  Plaintiff filed an opposition

24  to the motion on April 15, 2005,[1] and defendants filed a reply on April 21, 2005.  (Docs. 28, 29.)

25  ///

26  ///

27

28        [1] Plaintiff was provided with notice of the requirements for opposing an unenumerated Rule 12(b) motion
    on November 4, 2004.  Wyatt v. Terhune, 315 F.3d 1108, 1120 n.14 (9th Cir. 2003).  (Doc. 15.)

B.    Exhaustion Requirement

Pursuant to the Prison Litigation Reform Act of 1995, "[n]o action shall be brought with respect to prison conditions under [42 U.S.C. § 1983], or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a).  The section 1997e(a) exhaustion requirement applies to all prisoner suits relating to prison life.  Porter v. Nussle, 435 U.S. 516, 532 (2002). Prisoners must complete the prison's administrative process, regardless of the relief sought by the prisoner and regardless of the relief offered by the process, as long as the administrative process can provide some sort of relief on the complaint stated.  Booth v. Churner, 532 U.S. 731, 741 (2001). "All 'available' remedies must now be exhausted; those remedies need not meet federal standards, nor must they be 'plain, speedy, and effective.'"  Porter, 534 U.S. at 524 (citing to Booth, 532 U.S. at 739 n.5).  Exhaustion must occur prior to filing suit.  McKinney v. Carey, 311 F.3d 1198, 1199-1201 (9th Cir. 2002).  Plaintiff may not exhaust while the suit is pending.  McKinney, 311 F.3d at 1199-1201.

The California Department of Corrections has an administrative grievance system for prisoner complaints.  Cal. Code Regs., tit. 15 § 3084, et seq.  "Any inmate or parolee under the department's jurisdiction may appeal any departmental decision, action, condition, or policy which they can reasonably demonstrate as having an adverse effect upon their welfare."  Id. at 3084.1(a). Four levels of appeal are involved, including the informal level, first formal level, second formal level, and third formal level, also known as the "Director's Level."  Cal. Code Regs. tit 15, § 3084.5 (2005).

Section 1997e(a) does not impose a pleading requirement, but rather, is an affirmative defense under which defendants have the burden of raising and proving the absence of exhaustion. Wyatt v. Terhune, 315 F.3d 1108, 1119 (9th Cir. 2003).  The failure to exhaust nonjudicial administrative remedies that are not jurisdictional is subject to an unenumerated Rule 12(b) motion, rather than a summary judgment motion.  Wyatt, 315 F.3d at 1119 (citing Ritza v. Int'l Longshoremen's & Warehousemen's Union, 837 F.2d 365, 368 (9th Cir. 1998) (per curium)).  In deciding a motion to dismiss for failure to exhaust administrative remedies, the court may look

1  beyond the pleadings and decide disputed issues of fact. Wyatt, 315 F.3d at 1119-20.  If the court

2  concludes that the prisoner has failed to exhaust administrative remedies, the proper remedy is

3  dismissal without prejudice.  Id.

4      C.   Discussion

5      This action is proceeding on plaintiff's excessive force, and assault and battery claims.  The

6  events giving rise to plaintiff's claims allegedly occurred at the California Substance Abuse

7  Treatment Facility in Corcoran, California on January 15, 2003.

8      In their motion to dismiss, defendants argue that they are entitled to dismissal of this action

9  because plaintiff failed to exhaust the available administrative remedies with respect to the claims

10 in this action.  (Doc. 26, Motion.)  In support of their motion, defendants submit evidence that

11 plaintiff filed an appeal in February of 2003, which was ultimately granted at the second level of

12 review.  (Id., Acuna Dec., Attach. p. 1-7.)  Although plaintiff attempted to pursue the appeal to the

13 Director's level, it was rejected because it had been granted at the second level.  (Id., Grannis Dec.,

14 ¶ 4.)  The appeal, log number 03-01119, was initiated to grieve plaintiff's placement in

15 administrative segregation.  (Id., Acuna Dec., Attach. p. 1.)  Although after initiating the appeal

16 plaintiff attempted to expand the appeal issue to include the incident of force, plaintiff was informed

17 that he could not do so and if he wanted to appeal the force issue, he needed to file a new appeal.

18 (Id., Acuna Dec., Attach. p. 1-7.)

19     In addition, defendants submit evidence that on March 9, 2003, plaintiff filed another appeal

20 concerning his missing personal property.  (Id., Acuna Dec., Attach. p. 24-25.)  This appeal, log

21 number 03-01147, was granted at the second level of review and did not include the issue relating

22 to the incident of force.  (Id., Acuna Dec., Attach. pgs. 24-27.)  Defendants contend that neither

23 appeal is sufficient to exhaust the claims in this action, and that they are entitled to dismissal.

24     In his opposition, plaintiff argues that he did exhaust.  (Doc. 28, Opp.)  In addition to the two

25 inmate appeals identified by defendants, plaintiff submits evidence that on August 5, 2003, he filed

26 an inmate appeal grieving the incident of force at issue in this action.  (Id., Exhibit 2, p. 3.)  On

27 August 7, 2003, the appeal was screened out by the appeals coordinator on the ground that it was

28 untimely.  (Id., p. 1.)  Plaintiff wrote a letter to the appeals coordinator on August 19, 2003, stating

1  that he believed his appeal had been wrongly rejected. (Id., p. 2.)  The appeal form bears a second

2  date stamp for August 20, 2005, and bears the notation "rejected." (Id., p. 3.)

3        Satisfaction of the exhaustion requirement does not require that inmates draft grievances with

4  the precision of an attorney, laying out every fact, identifying every defendant by name, and

5  identifying which constitutional rights were violated by which actions or omissions.  However,

6  satisfaction of the exhaustion requirement requires that inmates, in their grievances, place prison

7  personnel on fair notice as to the events that subsequently give rise to suit.  In this instance, the

8  appeals concerning placement in administrative segregation and the loss of personal property do not

9  satisfy the exhaustion requirement with respect to the claims in this action.  Therefore, neither log

10  number 03-01119, filed in February of 2003, nor log number 03-01147, filed in March of 2003,

11  demonstrate that plaintiff exhausted.

12        Plaintiff's third appeal does, however.  Although defendants argue in their reply that plaintiff

13  may not fail to timely appeal the force issue and then claim exhaustion has occurred, plaintiff may

14  now do exactly that.  In this Circuit, exhaustion occurs when all avenues of administrative relief

15  available are completed.  Ngo v. Woodford, 403 F.3d 620, 631 (9th Cir. 2005).  Further, the

16  "exhaustion requirement does not bar subsequent judicial consideration of an exhausted

17  administrative appeal that was denied on state procedural grounds." Id.

18        In this instance, plaintiff did not attempt to appeal his excessive force, and assault and battery

19  claims until August 5, 2003.  The appeals coordinator thereafter exercised his or her discretion to

20  twice screen out plaintiff's appeal as untimely.  In light of the Ninth Circuit's decision in Ngo, the

21  appeals coordinator's decision to screen out plaintiff's appeal as untimely ends the exhaustion

22  inquiry.  Id. at 631.  Exhaustion occurred when plaintiff's appeal was barred by the appeals

23  coordinator on procedural grounds and "no further level of appeal remained in the state prison's

24  internal appeals process." Id.  Accordingly, the court finds that plaintiff exhausted his claims and

25  recommends that defendants' motion to dismiss on the ground that plaintiff failed to exhaust be

26  denied.

27  ///

28  ///

1        D.      Conclusion

2        Accordingly, based on the foregoing, the court HEREBY RECOMMENDS that defendants'

3  unenumerated Rule 12(b) motion, filed March 25, 2005, be DENIED on the ground that exhaustion

4  occurred in August of 2003, when plaintiff's appeal was screened out.

5        These Findings and Recommendations will be submitted to the United States District Judge

6  assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l).  Within **thirty (30)**

7  **days** after being served with these Findings and Recommendations, the parties may file written

8  objections with the court.  The document should be captioned "Objections to Magistrate Judge's

9  Findings and Recommendations."  The parties are advised that failure to file objections within the

10 specified time may waive the right to appeal the District Court's order.  Martinez v. Ylst, 951 F.2d

11 1153 (9th Cir. 1991).

12

13 IT IS SO ORDERED.

14 **Dated:    August 29, 2005              /s/ Sandra M. Snyder**
   icido3                                    UNITED STATES MAGISTRATE JUDGE

15

16

17

18

19

20

21

22

23

24

25

26

27

28