# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ABRAHAM ROMERO,<br><br>        Plaintiff,<br><br>   v.<br><br>H. COFFEE, et al.,<br><br>        Defendants.<br>_____/ | CASE NO. 1:03-CV-6464-REC-SMS-P<br><br>ORDER REQUIRING PLAINTIFF TO SHOW CAUSE WHY DEFENDANT G. WILSON SHOULD NOT BE DISMISSED FROM THIS ACTION BASED ON FAILURE TO FURNISH INFORMATION SUFFICIENT TO IDENTIFY WILSON<br><br>(Doc. 16) |

Plaintiff Abraham Romero ("plaintiff") is a state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983. This action is proceeding on plaintiff's amended complaint, filed May 19, 2004, against defendants Baptiste, Coffee, Samms, and Wilson under section 1983 for use of excessive force in violation of the Eighth Amendment, and under California law for assault and battery. (Doc. 12.)

On November 4, 2004, the court issued an order directing the United States Marshal to initiate service of the summons and amended complaint on defendants Baptiste, Coffee, Samms, and Wilson. (Doc. 14.) The summons and USM-285 form for defendant G. Wilson were returned to the court by the Marshal on January 31, 2005, with a letter from the Litigation Office stating that staff were unable to identify a G. Wilson. (Doc. 16.) Defendants Baptiste, Coffee, and Samms subsequently signed waivers of service and filed a motion to dismiss. (Docs. 20-26.) Although defendant Wilson also purported to join in the motion, the court was notified via defendants' answer that the inclusion of Wilson in the caption was a mistake and Wilson was not represented by the

Attorney General's Office. (Doc. 34.) In light of the documents returned to the court on January 31, 2005, it is clear that defendant G. Wilson neither waived service nor was personally served.

Pursuant to Rule 4(m),

> [i]f service of the summons and complaint is not made upon a defendant within 120 days after the filing of the complaint, the court, upon motion or on its own initiative after notice to the plaintiff, shall dismiss the action without prejudice as to that defendant or direct that service be effected within a specified time; provided that if the plaintiff shows good cause for the failure, the court shall extend the time for service for an appropriate period.

Fed. R. Civ. P. 4(m).

In cases involving a plaintiff proceeding in forma pauperis, a United States Marshal, upon order of the court, shall serve the summons and the complaint. Fed. R. Civ. P. 4(c)(2). "'[A]n incarcerated pro se plaintiff proceeding in forma pauperis is entitled to rely on the U.S. Marshal for service of the summons and complaint and ... should not be penalized by having his action dismissed for failure to effect service where the U.S. Marshal or the court clerk has failed to perform his duties.'" Walker v. Sumner, 14 F.3d 1415, 1422 (9th Cir. 1994) (quoting Puett v. Blandford, 912 F.2d 270, 275 (9th Cir. 1990)), *abrogated on other grounds by* Sandin v. Connor, 515 U.S. 472 (1995). "So long as the prisoner has furnished the information necessary to identify the defendant, the marshal's failure to effect service is 'automatically good cause . . . .'" Walker, 14 F.3d at 1422 (quoting Sellers v. United States, 902 F.2d 598, 603 (7th Cir.1990)). However, where a pro se plaintiff fails to provide the Marshal with accurate and sufficient information to effect service of the summons and complaint, the court's sua sponte dismissal of the unserved defendants is appropriate. Walker, 14 F.3d at 1421-22.

In this instance, the Marshal was notified by the litigation coordinator that although there are two officers named J. Wilson at CSATF, there is no G. Wilson. If plaintiff is unable to provide the court with further identifying information on defendant Wilson, this defendant shall be dismissed from the action, without prejudice. Pursuant to Rule 4(m), the court will provide plaintiff with the opportunity to show cause why defendant Wilson should not be dismissed from the action at this time.

///

1   Accordingly, based on the foregoing, it is HEREBY ORDERED that:

2   1.   Within **thirty (30) days** from the date of service of this order, plaintiff shall show

3   cause why defendant Wilson should not be dismissed from this action; and

4   2.   The failure to respond to this order or the failure to show cause will result in a

5   recommendation that defendant Wilson be dismissed from this action.

6

7   IT IS SO ORDERED.

8   **Dated:    November 22, 2005**              /s/ Sandra M. Snyder
    icido3                                    UNITED STATES MAGISTRATE JUDGE

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28