UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ABRAHAM ROMERO,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>H. COFFEE, et al.,<br><br>　　　　　Defendants.<br>_____/ | CASE NO. 1:03-CV-6464-REC-SMS-P<br><br>ORDER DENYING PLAINTIFF'S MOTION TO FACILITATE WRITTEN DEPOSITIONS, BUT NOTIFYING PLAINTIFF OF ATTEMPT TO FACILITATE LIMITED COMMUNICATION WITH INMATE WITNESSES<br><br>(Doc. 43) |

　　　　Plaintiff Abraham Romero ("plaintiff") is a state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983. On March 23, 2006, plaintiff filed a motion seeking leave to depose two prisoners and for the issuance of an order altering the requirements for taking written depositions. Defendants did not file a response.

　　　　Plaintiff seeks leave of court to depose inmates Alatorre and Lopez in written form. Fed. R. Civ. P. 31(a)(2). Depositions by written question entail more than simply mailing the questions to the deponent and opposing counsel. Plaintiff *must* arrange for an officer to take responses and prepare the record. Fed. R. Civ. P. 31(a)(3), (b). Unless plaintiff is able to bear the costs of arranging for depositions in compliance with the Federal Rules, the Court will not take steps to facilitate the depositions.

　　　　Inmates housed at separate institutions may correspond with one another if approval is granted by the institution heads. Cal. Code Regs. tit 15, § 3139 (2006). By separate letter, the Court will request that plaintiff be permitted to correspond in writing with inmates Alatorre and Lopez for

1

the limited purpose of determining whether or not the inmate witnesses possess relevant information and are willing to assist plaintiff.[1]  If they possess relevant information, plaintiff may secure a declaration from each inmate, signed under penalty of perjury, for use as evidence.  Plaintiff is cautioned that statements in a declaration must be based on the inmate's personal knowledge and not merely on his belief.

Based on the foregoing, plaintiff's motion to facilitate written depositions, filed March 23, 2006, is DENIED, but the Court will attempt to facilitate limited written communication between plaintiff and his witnesses.

IT IS SO ORDERED.

**Dated:     May 8, 2006**                              **/s/ Sandra M. Snyder**
icido3                                                  UNITED STATES MAGISTRATE JUDGE

---

[1] Plaintiff and defendants' counsel will receive copies of the letter.