**UNITED STATES DISTRICT COURT**

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ABRAHAM ROMERO,<br><br>    Plaintiff,<br><br>    v.<br><br>COFFEE, BAPTISTE,<br>AND SAMMS,<br><br>    Defendants.<br>_____ / | CASE NO. 1:03-cv-06464-SMS PC<br><br>**PRETRIAL ORDER**<br><br>Telephonic Trial Confirmation<br>Hearing:    April 16, 2008 at 10:30 a.m. in<br>    Courtroom 7 (SMS)<br><br>Motions in Limine Deadline: May 6, 2008<br><br>Opposition to Motions in<br>Limine Deadline:    May 27, 2008<br><br>Other Pretrial Submissions:    May 27, 2008<br><br>Jury Trial:    June 2, 2008, at 9:00 a.m. in<br>    Courtroom 7 (SMS) |

       This action, brought pursuant to 42 U.S.C. § 1983, proceeds on Plaintiff Abraham Romero's ("Plaintiff") amended complaint, filed May 19, 2004, against Defendants Coffee, Baptiste, and Samms ("Defendants") under section 1983 for use of excessive force in violation of the Eighth Amendment of the United States Constitution, and under California law for assault and battery.[1,2]

       Plaintiff, an inmate in the custody of the California Department of Corrections and Rehabilitation, alleges that on January 15, 2003, an incident between two inmates occurred in the

---

[1] Defendant Wilson was dismissed from this action on October 4, 2007. (Doc. 67.)

[2] The Court's prior orders erroneously identified the operative pleading as a complaint filed on August 25, 2003. (E.g., Docs. 68, 82.)

1

dayroom at California Substance Abuse Treatment Facility ("CSTAF"). Plaintiff alleges that he was in his cell when, without warning, Defendant Coffee opened the tray slot and began spraying Plaintiff and his cellmate with pepper spray while yelling at them to get down. Plaintiff alleges that he complied but Defendant Coffee continued to spray him and Defendants Baptiste and Samms failed to intervene. Plaintiff alleges that Defendants Baptiste and Samms ordered the control tower to open the door and Defendant Samms ordered that Plaintiff be dragged out of the cell. Plaintiff alleges that Defendant Coffee and now-dismissed Defendant Wilson grabbed his ankles, cuffed him, and dragged him out of his cell, banging his elbow and scraping his abdomen in the process. Plaintiff alleges he was taken outside and briefly rinsed off, but that Defendant Baptiste refused to remove the handcuffs, refused to allow Plaintiff to remove his clothing, and refused to allow Plaintiff an adequate opportunity to rinse off.

Plaintiff alleges that he experienced severe pain from the pepper spray, and suffered pain, burning, headaches, dizziness, blurred vision, and difficulty breathing for several days, with some symptoms persisting for several weeks.

**I.     Jurisdiction and Venue**

The Court has subject matter jurisdiction over this federal civil rights action. 28 U.S.C. § 1331. Venue is proper because the conduct allegedly occurred in this judicial district.

**II.    Jury Trial**

Defendants request a trial by jury. This action shall be tried by a jury of eight.

**III.   Facts and Evidentiary Issues**

    **A.     Undisputed Facts**

        A.     Plaintiff is presently serving a life sentence for first degree murder, attempted murder, and possession of a firearm by a felon.

        B.     Plaintiff was a prisoner housed at CSATF at times material to the claims at issue.

        C.     On January 15, 2003, while Plaintiff was in his cell, there was an incident between two inmates in the dayroom.

        D.     Officers responded, including Defendants.

1         E.        The officers believed Plaintiff had received and was attempting to dispose of a weapon from one of the inmates involved in the dayroom incident.

        F.        Consequently, Plaintiff was pepper-sprayed and forcibly removed from his cell.

        G.        Plaintiff was subsequently placed in the Administrative Segregation Unit (ASU) for possession of a weapon.

        H.        Plaintiff was issued a Rules Violation Report (CDC-115) which was later voided in the interest of justice.

**B.**    **Disputed Facts**

        A.        Whether Defendants reasonably perceived Plaintiff as having contraband.

        B.        Whether Plaintiff refused or otherwise failed to comply with the verbal commands to get down.

        C.        Whether Plaintiff can prove by a preponderance of the evidence that Defendants used force with a malicious and sadistic intent to harm him.

        D.        Whether Plaintiff suffered any serious injuries as a result of the contact with the Defendants.

        E.        Whether Plaintiff continues to experience any pain and/or discomfort as a direct and proximate result of this incident.

**C.**    **Disputed Evidentiary Issues**

None identified.

**IV.**    **Relief Sought**

Plaintiff is seeking compensatory damages in the amount of $100,000.00 and punitive damages in the amount of $20,000.00 from each Defendant.

Plaintiff is also seeking a declaratory judgment. "A declaratory judgment, like other forms of equitable relief, should be granted only as a matter of judicial discretion, exercised in the public interest." Eccles v. Peoples Bank of Lakewood Village, 333 U.S. 426, 431 (1948). "Declaratory relief should be denied when it will neither serve a useful purpose in clarifying and settling the legal relations in issue nor terminate the proceedings and afford relief from the uncertainty and

controversy faced by the parties." United States v. Washington, 759 F.2d 1353, 1357 (9th Cir. 1985). In the event that the jury returns a verdict in favor of Plaintiff, that verdict will be a finding that Plaintiff's constitutional rights were violated. Accordingly, a declaration that Defendants violated Plaintiff's rights is unnecessary and therefore unavailable.

**V.   Points of Law**

   **A.   Imposition of Liability Under Section 1983**

The Civil Rights Act under which this action was filed provides:

> Every person who, under color of [state law] . . . subjects, or causes to be subjected, any citizen of the United States . . . to the deprivation of any rights, privileges, or immunities secured by the Constitution . . . shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

42 U.S.C. § 1983. "Section 1983 . . . creates a cause of action for violations of the federal Constitution and laws." Sweaney v. Ada County, Idaho, 119 F.3d 1385, 1391 (9th Cir. 1997) (internal quotations omitted). "To the extent that the violation of a state law amounts to the deprivation of a state-created interest that reaches beyond that guaranteed by the federal Constitution, Section 1983 offers no redress." Id.

Section 1983 plainly requires that there be an actual connection or link between the actions of Defendants and the deprivation alleged to have been suffered by Plaintiff. See Monell v. Department of Social Services, 436 U.S. 658 (1978); Rizzo v. Goode, 423 U.S. 362 (1976). "A person deprives another of a constitutional right, where that person 'does an affirmative act, participates in another's affirmative acts, or omits to perform an act which [that person] is legally required to do that causes the deprivation of which complaint is made.'" Hydrick v. Hunter, 500 F.3d 978, 988 (9th Cir. 2007) (quoting Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978)). "[T]he 'requisite causal connection can be established not only by some kind of direct, personal participation in the deprivation, but also by setting in motion a series of acts by others which the actor knows or reasonably should know would cause others to inflict the constitutional injury.'" Id. (quoting Johnson at 743-44). An officer can be held liable for failing to intercede only if he had a "realistic opportunity" to intercede. Cunningham v. Gates, 229 F.3d 1271, 1289 (9th Cir. 2000); Robins v. Meecham, 60 F.3d 1436, 1442 (9th Cir. 1995).

**B.     Excessive Force**

"What is necessary to show sufficient harm for purposes of the Cruel and Unusual Punishments Clause [of the Eighth Amendment] depends upon the claim at issue . . . ." Hudson v. McMillian, 503 U.S. 1, 8 (1992). "The objective component of an Eighth Amendment claim is . . . contextual and responsive to contemporary standards of decency." Id. (internal quotation marks and citations omitted). The malicious and sadistic use of force to cause harm always violates contemporary standards of decency, regardless of whether or not significant injury is evident. Id. at 9; see also Oliver v. Keller, 289 F.3d 623, 628 (9th Cir. 2002) (Eighth Amendment excessive force standard examines de minimis uses of force, not de minimis injuries)). However, not "every malevolent touch by a prison guard gives rise to a federal cause of action." Id. at 9. "The Eighth Amendment's prohibition of cruel and unusual punishments necessarily excludes from constitutional recognition de minimis uses of physical force, provided that the use of force is not of a sort repugnant to the conscience of mankind." Id. at 9-10 (internal quotations marks and citations omitted).

"[W]henever prison officials stand accused of using excessive physical force in violation of the Cruel and Unusual Punishments Clause, the core judicial inquiry is . . . whether force was applied in a good-faith effort to maintain or restore discipline, or maliciously and sadistically to cause harm." Id. at 7. "In determining whether the use of force was wanton and unnecessary, it may also be proper to evaluate the need for application of force, the relationship between that need and the amount of force used, the threat reasonably perceived by the responsible officials, and any efforts made to temper the severity of a forceful response." Id. (internal quotation marks and citations omitted). "The absence of serious injury is . . . relevant to the Eighth Amendment inquiry, but does not end it." Id.

**C.     Assault and Battery**

Under California law, "[a]n assault is an unlawful attempt, coupled with a present ability, to commit a violent injury on the person of another" and "[a] battery is any willful and unlawful use of force or violence upon the person of another." Cal. Penal Code §§ 240, 242 (West 2008); 5 B. E. Witkin, Summary of California Law, Torts § 346 (9th ed. 1988).

### D. Punitive Damages

The Plaintiff has the burden of proving what, if any, punitive damages should be awarded by a preponderance of the evidence. NINTH CIRCUIT MODEL CIVIL JURY INSTRUCTIONS § 7.5 (2007). The jury must find that the Defendants' conduct was "motivated by evil motive or intent, or . . . involves reckless or callous indifference to the federally protected rights of others." Smith v. Wade, 461 U.S. 30, 56 (1986).

### E. Federal Rules of Evidence

Federal Rules of Evidence 608 and 609 provide that evidence of a witness' prior felony conviction or instance of conduct demonstrating a propensity to lie may be used to impeach that witness' testimony. Federal Rule of Evidence 404(b) provides that evidence of prior crimes, wrongs, or acts cannot be used to prove the character of the person in order to show conduct in conformity with that character trait. Such prior acts may be admissible for other purposes only, such as proof of motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident. Id.

## VI. Abandoned Issues

None.

## VII. Witnesses

The following is a list of witnesses that the parties expect to call at trial, including rebuttal and impeachment witnesses. NO WITNESS, OTHER THAN THOSE LISTED IN THIS SECTION, MAY BE CALLED AT TRIAL UNLESS THE PARTIES STIPULATE OR UPON A SHOWING THAT THIS ORDER SHOULD BE MODIFIED TO PREVENT "MANIFEST INJUSTICE." Fed. R. Civ. P. 16(e); Local Rule 16-281(b)(10).

### A. Plaintiff's Witnesses[3]

1. Plaintiff Abraham Romero
2. Eric Wilson, Correctional Officer

---

[3] To date, Plaintiff has not submitted funds to subpoena any unincarcerated witnesses who refuse to testify voluntarily. Plaintiff also lists inmates Joel Alatorre and Angel Lopez as witnesses. However, Plaintiff did not supplement his motion for the attendance of incarcerated witnesses in compliance with the Court's order of February 14, 2008, and as a result, his motion was denied in a separate order issued concurrently with this order.

6

3.  Captain Prud'homme
4.  Jaspreet Grenwal, Correctional Officer
5.  Shawn Hill, Correctional Officer

**B.     Defendants' Witnesses[4]**

1.  Plaintiff Abraham Romero
2.  Defendant Baptiste
3.  Defendant Coffee
4.  Defendant Samms
5.  Officer J. Kalkis
6.  Officer J. Grewal
7.  Officer J. Fernandez
8.  Officer G. Ward
9.  Officer E. Wilson
10. L.V.N. F. Jimenez
11. Correctional Case Records Manager[5]

**VIII.  Exhibits**

The following is a list of documents or other exhibits that the parties expect to offer at trial. NO EXHIBIT, OTHER THAN THOSE LISTED IN THIS SECTION, MAY BE ADMITTED UNLESS THE PARTIES STIPULATE OR UPON A SHOWING THAT THIS ORDER SHOULD BE MODIFIED TO PREVENT "MANIFEST INJUSTICE." Fed. R. Civ. P. 16(e); Local Rule 16-281(b)(11).

///

///

---

[4] Defendants are not required to call all of the witnesses listed. However, as has been the Court's general practice in cases such as this, witnesses the defense plans to call shall be present on June 2, 2008, by 10:00 a.m. and shall be available for Plaintiff to call for direct examination.

[5] The Court will address Defendants' request to allow authentication of documents via declaration rather than appearance at trial during the telephonic trial confirmation hearing. Defendants shall be prepared to address whether they will stipulate to the authenticity of CDCR documents Plaintiff wishes to introduce at trial (limited to those documents whose authenticity is not reasonably in question).

7

**A.   Plaintiff's Exhibits**

    A.   Crime/Incident report number SATF-03-01-0024, dated January 15, 2003

    B.   Memorandum dated January 30, 2003

    C.   Voided Rules Violation Report

    D.   Memorandum Dated May 13, 2003

    E.   Second Level appeal response, log number SATF 03-01119

    F.   CDC 602, rejected appeal and all attachments, SATF August 20, 2003

    G.   CDC 602, log number 03-01119 and all attachments

    H.   I/M Request for Interview, dated February 4, 2003

    I.   I/M Appeals Screening Form, dated August 7, 2003

    J.   Title 15 Rules and Regulations, Adult Operation and Programs, and Operations Manual

    K.   Program Status Report, dated February 12, 2002, SATF 03-02-01-0011

    L.   Documents produced in response to Plaintiff's first request for the production of documents

    M.   Responses to Interrogatories

**B.   Defendants' Exhibits**

    A.   Abstract of Judgment, Abraham Romero, June 8, 2000

    B.   Crime/Incident report number SATF-03-01-0024, dated January 15, 2003

    C.   Medical Report of Injury or Unusual Occurrence dated January 15, 2003, prepared by F. Jimenez (2 pages)

    D.   Photos of the general area where the incident between Plaintiff and Defendants occurred

    E.   Declaration of Custodian of Records, Correctional Case Records Administrator, California Department of Corrections

///

///

///

### IX. Discovery Documents To Be Used At Trial (Answers To Interrogatories And Responses To Requests For Admissions)

Plaintiff intends to use Defendants' responses to interrogatories (three sets) and Defendants' response to his document production request (one set).

Defendants intend to use documents produced during discovery.

### X. Further Discovery or Motions

None.

Even though discovery is closed, all parties are reminded of their continuing obligation to update all discovery responses previously made if that party becomes aware of new information or becomes aware that an answer in a previous response is incomplete or incorrect. Fed. R. Civ. P. 26(e)(2).

### XI. Stipulations

None.

### XII. Amendments/Dismissals

None.

### XIII. Settlement Negotiations

Plaintiff is willing to engage in settlement negotiations, but Defendants will not consider settlement.

### XIV. Agreed Statement

None.

### XV. Separate Trial Of Issues

If the jury finds that Defendants' conduct justifies imposition of punitive damages, Defendants seek to bifurcate the trial on the punitive damages award. As is this Court's standard practice, the Court will bifurcate the issue of punitive damages. If the jury finds that Defendants are liable for punitive damages, the Court will conduct a second phase of trial on the amount of punitive damages.

///

///

### XVI. Impartial Experts - Limitation Of Experts

Defendants anticipate calling F. Jimenez, L.V.N. to testify as to any observations made and medical treatment given to Plaintiff on January 15, 2003.

Plaintiff seeks the appointment of an expert witness. The Court has the discretion to appoint an expert pursuant to Rule 706(a) of the Federal Rules of Evidence, which provides in relevant part, "The court may on its own motion or on the motion of any party enter an order to show cause why expert witnesses should not be appointed . . . ." Fed. R. Evid. 706(a); Walker v. American Home Shield Long Term Disability Plan, 180 F.3d 1065, 1071 (9th Cir. 1999). The instant action involves allegations of excessive force, in violation of the Eighth Amendment. The Court finds that the issues are not so complex as to require the testimony of an expert witness.

Additionally, Plaintiff is proceeding in forma pauperis and is unable to compensate an expert witness. Pursuant to Rule 706, the Court has discretion to apportion costs in the manner directed by the Court, including the apportionment of costs to one side. Fed. R. Ev. 706(b). In instances such as this, where the government would likely bear the cost, the Court should exercise caution. The Court has a burgeoning docket of civil rights cases filed by prisoners proceeding pro se and in forma pauperis. The facts of this case are no more extraordinary and the legal issues involved no more complex than those found in the majority of the cases now pending before this Court. Accordingly, Plaintiff's motion for the appointment of an expert witness is denied.

### XVII. Attorneys' Fees

If Defendants prevail, they will seek reasonable attorneys' fees and costs as permitted by statute.

### XVIII. Further Trial Preparation

#### A. Motions In Limine Hearing and Briefing Schedule

Any party may file a motion in limine. The purpose of a motion in limine is to establish in advance of the trial that certain evidence should not be offered at trial. Although the Federal Rules do not explicitly provide for the filing of motions in limine, the Court has the inherent power to hear and decide such motions as a function of its duty to expeditiously manage trials by eliminating evidence that is clearly inadmissible for any purpose. Luce v. United States, 469 U.S. 38, 41 n. 4

(1984); Jonasson v. Lutheran Child and Family Services, 115 F. 3d 436, 440 (7th Cir. 1997). The Court will grant a motion in limine, and thereby bar use of the evidence in question, only if the moving party establishes that the evidence clearly is not admissible for any valid purpose. Id.; Hawthorne Partners v. AT & T Technologies, Inc., 831 F. Supp. 1398, 1400 (N.D. Ill. 1993).

All motions in limine must be served on the other party, and filed with the Court, by **May 6, 2008**. Any motion in limine must clearly identify the nature of the evidence that the moving party seeks to prohibit the other side from offering at trial.

Any opposition to a motion in limine must be served on the other party, and filed with the Court, by **May 27, 2008**.

If any party files a motion in limine, the Court will hear and decide such motions on the morning of trial.

**Whether or not a party files a motion in limine, that party may still object to the introduction of evidence during the trial.**

**B.     Other**

The parties are relieved of their obligation under Local Rule 16-285 to file trial briefs. If they wish to file trial briefs, they must do so on or before **May 27, 2008**.

The Court will prepare the verdict form, which the parties will have the opportunity to review on the morning of trial. If the parties wish to submit a proposed verdict form for consideration, they must do so on or before **May 27, 2008**.

The Court will prepare the jury instructions, which the parties will have the opportunity to review on the morning of trial. Defendants shall file proposed jury instructions as provided in Local Rule 51-163 on or before **May 27, 2008**. If Plaintiff wishes to file proposed jury instructions, he must do so on or before **May 27, 2008**.

In selecting proposed instructions, the parties shall use Ninth Circuit Model Civil Jury Instructions to the extent possible. All jury instructions must be submitted in duplicate: One set will indicate which party proposes the instruction, with each instruction numbered or lettered, and containing citation of supporting authority, and the customary legend, i.e., "Given, Given as Modified, or Refused," showing the Court's action, with regard to each instruction. One set will be

an exact duplicate of the first, except it will not contain any identification of the party offering the instruction or supporting authority or the customary legend of the Court's disposition. Defendants shall provide the Court with a copy of their proposed jury instructions via e-mail at: smsorders@caed.uscourts.gov.

Proposed voir dire questions, if any, shall be filed on or before **May 27, 2008**. Local Rule 47-162.

The parties may serve and file a non-argumentative, brief statement of the case which is suitable for reading to the jury at the outset of jury selection on or before **May 27, 2008**. The Court will consider the parties' statements but will draft its own statement. The parties will be provided with the opportunity to review the Court's prepared statement on the morning of trial.

The original and five copies of all trial exhibits along with exhibit lists shall be submitted to Courtroom Deputy Harriet Herman no later than **May 27, 2008**.[6] Plaintiff's exhibits shall be pre-marked with the prefix "PX" and numbered sequentially beginning with 100 (e.g., PX-100, PX-101, etc.). Defendants' exhibits shall be pre-marked with the prefix "DX" and lettered sequentially beginning with A (e.g., DX-A, DX-B, etc.). The parties shall meet and confer,[7] and Defendants shall submit any joint trial exhibits pre-marked with the prefix "JX" and numbered sequentially beginning with 300 (e.g., JX-300, JX-301, etc.).

If Defendants wish to use a videotape or a DVD for any purpose during trial, they shall submit a copy of the videotape or DVD to Courtroom Deputy Harriet Herman by 4:00 p.m. on **May 27, 2008**. If a written transcript of audible words on the tape is available, the Court requests that the transcript be submitted to the Courtroom Deputy along with the videotape or DVD, solely for the aid of the Court.

///
///
///

---

[6] Original for the Courtroom Deputy, one copy for the undersigned, one copy for the court reporter, one copy for the witness stand, one copy for the opposing side, and one copy to be retained by the party.

[7] Whether in person, in writing, or via telephone shall be left up to Defendants' counsel's discretion.

1   If counsel intends to use a laptop computer for presentation of evidence or intends to use any
2  other audio/visual equipment belonging to the Court, he shall contact Courtroom Deputy Harriet
3  Herman at least one week prior to trial so that any necessary arrangements and/or training may be
4  scheduled.

**XIX.   Objections to Pretrial Order**

Any party may, on or before **May 1, 2008**, file and serve written objections to any of the provisions of this Order.  Such objections shall specify the requested modifications, corrections, additions or deletions.  Any party may, in the alternative to filing written objections, raise any objections to this Order during the telephonic trial confirmation hearing set for April 16, 2008.  If amendments to this Order result from any objections, an Amended Pretrial Order will be issued.

**FAILURE TO COMPLY WITH ALL PROVISIONS OF THIS ORDER MAY BE GROUNDS FOR THE IMPOSITION OF SANCTIONS ON ANY AND ALL COUNSEL AS WELL AS ON ANY PARTY WHO CAUSES NON-COMPLIANCE WITH THIS ORDER**

IT IS SO ORDERED.

**Dated:    April 3, 2008**              /s/ Sandra M. Snyder
                                         UNITED STATES MAGISTRATE JUDGE